[No. 5160.    Decided May 1, 1905.]

ARTHUR D. JONES & Co., *Respondent*, v. NEW ENGLAND
MORTGAGE SECURITY COMPANY, *Appellant*.[1]

DEEDS—WARRANTY—INTENTION TO EXCEPT LEASE—CONSTRUC-
TION OF CLAUSE—ACCEPTANCE OF DEED SUBJECT TO LEASE—EVI-
DENCE—SUFFICIENCY. In an action for breach of warranty, in that
the premises conveyed were subject to a lease, to the damage of
the grantee, in which action the defendant asked for a reforma-
tion of the warranty clause of the deed so as to except the lease,
the evidence shows that the lease was to be excepted and it was
error to refuse to reform the deed, where it appears that the
premises were in the possession of a tenant under an agreement
for a lease that expired November 1, 1903, that the deed in suit
granted the property, "subject to the rental of the party for the
year 1902," which was inserted with the intention of excepting
the lease from the warranty, and, upon objection to the lease,
defendant refused to sell the property except subject to the
lease; whereupon the plaintiff, in December, 1902, after pay-
ment of the rental for that year, took the advice of an attorney
as to the form of the deed, and stated that it would accept the
deed as drawn but would hold the defendant to the strict terms of
the deed; since the plaintiff did not state its construction of the
deed, and cannot by artifice bind the defendant to a contract
which it knew the defendant did not intend to make.

Cross-appeals from a judgment of the superior court for
Spokane county, Kennan, J., entered January 4, 1904,
upon the verdict of a jury rendered in favor of the plain-
tiff on one cause of action, and in favor of the defendant
upon a second cause of action, in an action for damages
for breach of warranty. Reversed on defendant's appeal
and the action dismissed.

*Danson & Huneke*, for appellant.

*W. J. Thayer*, for respondent.

[1] Reported in 80 Pac. 796.

MOUNT, C. J.—Action for damages for breach of warranty in a deed. Plaintiff recovered damages in the sum of $1,057.50, and costs, in the court below, and defendant appealed. The complaint alleges, in substance, that the defendant, in November, 1902, sold and conveyed, by warranty deed to M. L. Stinson, a section of land in Spokane county. The deed is in the usual form, except that it contains this provision, viz.,

"Except such right of way as the Spokane Valley Land and Water Company may have by virtue of its compliance with the statutes of the state of Washington, this deed being subject to litigation now pending in reference thereto, and the same is hereby agreed to be assumed by the party of the second part, or her heirs and assigns, and the party of the first part is hereby freed from any liability or responsibility therefor. It being expressly covenanted that the said water company has no right or title in and to the said premises or said right of way arising from or by virtue of any act or omission by the party of the first part. Also subject to the rental of the party for the year 1902; the intention being to convey hereby an absolute title in fee to said real estate."

The complaint then alleges, in substance, that one R. W. Harding was in possession of said land under a lease, and was entitled to continue in such possession until November 1, 1903, to Mrs. Stinson's damage in the sum of $1,000; and that, prior to the execution and delivery of the deed above referred to, the defendant had granted to the Spokane Valley Land and Water Company a right of way for a ditch over and across said land, and that Mrs. Stinson's damage on that account was the sum of $950. The complaint then alleges that, prior to the commencement of this action, the said Stinson assigned the said causes of action to the plaintiff.

The answer of the defendant admitted the sale of the

land to Mrs. Stinson, and the execution and delivery of
the deed; but denied all the other allegations of the com-
plaint; and, as an affirmative defense, alleged that since
September 15, 1896, one R. W. Harding had been in
possession of said premises as a tenant, under a lease
which expired on March 1, 1902; that, prior to the ex-
piration of said lease, the said Harding entered into ne-
gotiations for a new lease from March 1, 1902, to Novem-
ber 1, 1903; that said Harding remained in possession of
the premises under the new lease, which was never signed;
that the plaintiff negotiated the purchase of the land for
Mrs. Stinson, and was given a copy of the new lease, and
was informed fully of all the rights of said Harding in
and to said premises under said lease, and purchased said
land with the distinct understanding and agreement that
the deed was subject to the unsigned lease of 1902, for
the term ending November 1, 1903; and that it was mu-
tually understood that the recital in the deed, "also sub-
ject to the rental of the party for the year 1902," was
intended and understood to mean that the deed was subject
to the rights of said Harding under said unsigned lease.
The answer prayed for a reformation of the deed to show
the intention as above stated, and that the action be dis-
missed.    The reply denied the affirmative matter contained
in the answer.

The questions relating to the construction of the excep-
tion contained in the deed, and the reformation thereof to
conform to the agreement of the parties, were tried to the
court without a jury.    The court, after hearing the evi-
dence thereon, found and concluded that there was not
sufficient evidence to show a mutual mistake in the deed
which the court could correct, and construed the deed to
mean "that it was subject to the Harding lease for the

year 1902," and not for the year 1903; and thereupon tried the question of damages to the jury, with the result as above stated.

The evidence shows conclusively that Mr. Harding had been in possession of the land since 1898, under a lease which expired on March 1, 1902. In April of 1902, the agents of appellant agreed to lease the property to Mr. Harding for another term, beginning March 1, 1902, and ending November 1, 1903. The rental for 1902 was to be paid by one-third of the crop raised on the land for that year. The rental for the year 1903 was to be $225 cash, payable on November 1, 1903. The lease was reduced to writing, but was not signed. When Mr. Jones, the president of the plaintiff company, first proposed to purchase the land, he was informed that Mr. Harding was in possession under the terms of the unwritten lease, and a copy thereof was given to him. Negotiations for the purchase were pending from June until about the middle of December, 1902, when the deed mentioned in the pleadings was finally delivered. The deed was executed on September 7, 1902. After the negotiations for a sale had been pending for some time, Mr. Jones stated to the agents of defendant that he did not want to have anything to do with the tenant Mr. Harding; but, when the deed was offered for delivery, Mr. Jones was told that it was subject to the Harding lease, and subject to the litigation pending concerning the right of way of the water company, and that, if he was not satisfied with such a deed, the sale was declared off. Mr. Jones objected to the warranty excepting the lease, but, at his request, the deed was given to him for examination. He thereupon took the deed to his attorney and received advice—the nature of this advice does not appear—and afterwards

went back to the agents of the appellant and said he would accept the deed according to its terms, but that he would hold the defendant to the strict terms of the deed. The deed was thereupon delivered to Mr. Jones, and he paid, or obligated Mrs. Stinson to pay, the purchase price. A short time thereafter this action was brought.

We think the deed should have been reformed. When Mr. Jones received the deed, he knew that it was delivered subject to the Harding lease. He was expressly told that the sale was "declared off," unless he was willing to take the deed subject to that incumbrance, and he knew that the grantor intended to include therein a warranty subject to that lease. The rental for the year 1902 was due to the appellant at the time the deed was delivered. The clause in the deed, "also subject to the rental of the party for the year 1902," if it is strictly construed, means nothing under the condititons stated, because the *rental* for that year was then due the grantor. Mr. Jones looked over the deed, and received the advice of an attorney, and no doubt concluded that the terms of the deed did not expressly except the lease, and thereupon informed the agents of appellant that he would accept the deed, but that he would hold the grantor according to the express terms of the deed. The grantor and its agents, supposing that the deed was sufficient to except the lease, delivered the deed and accepted the purchase price. Mr. Jones did not tell the appellant, or its agents that, in his opinion, the language of the deed was not sufficient to except the lease from the warranty; but said, "I will accept the deed and hold you strictly to its terms." By this artifice, the respondent sought to bind the appellant to a bargain which it did not intend to make, and would not have made, if respondent frankly and in good faith had informed appellant that

41-38 WASH.

he would not take the deed subject to the lease. By accepting the deed under the statement that it was subject to the lease, he must be held to have accepted it as offered, or it must be held that there was no delivery. Honesty and fair dealing forbid that one party may be entrapped into a bargain which was not intended. The deed in this case was prepared by the appellant, but it makes no difference who prepared the deed. Its construction was stated at the time of delivery, the grantor acted in entire good faith, and, in equity and good conscience, was entitled to have its offer accepted or rejected. The conduct of Mr. Jones led the appellant to believe that the offer was accepted. Under the facts in this case, it must be so held.

Upon the question of the damages arising from the water company's ditch, the lower court and jury found in favor of appellant. Respondent has filed a cross-appeal, but, without reviewing the questions presented, we think the finding of the lower court is amply justified upon that question.

In consideration of our conclusion upon the first question above discussed, it is unnecessary to discuss numerous errors assigned. The judgment of the lower court is reversed, with instructions to dismiss the action.

FULLERTON, DUNBAR, and HADLEY, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.